## Marple Township Appeal

*Edward S. Lawhorne,* for appellants.

*Donald J. Orlowsky,* for Marple Township.

CATANIA, J., December 7, 1964.—On September 21, 1964, appellants, all property owners in the Township of Marple, Delaware County, Pa., filed an appeal with this court pursuant to section 1502 of the First Class Township Code of June 24, 1931, P. L. 1206, as amended, 53 PS §56502, challenging the validity of a zoning ordinance enacted by the Commissioners of Marple Township. The Township of Marple has filed a motion to dismiss the appeal which is now before the court.

For the complete understanding of the present problem, we find it necessary to recite the entire background leading up to the present situation.

On January 1, 1961, the Township of Marple, by virtue of the popular vote at the preceding November election, was changed from a second class to a first class township. On November 7, 1961, five commissioners were elected at large, two for two-year terms

which would expire on the first Monday of January, 1964, and three for four-year terms expiring on the first Monday of January, 1966. The board of commissioners therefore consisted of five commissioners at large. On April 21, 1961, the township was divided into seven wards and in November, 1963, each of the seven wards elected a commissioner on a ward basis, with their terms of office to commence on the first Monday of January, 1964. In addition, three commissioners elected at large in the 1961 election remained in office since they had two years of their elected terms remaining.

Therefore, in January, 1964, the board of township commissioners consisted of 10 members composed of 7 new ward commissioners and 3 holdover at large commissioners. On July 1, 1964, and July 6, 1964, respectively, 2 of the commissioners elected at large resigned leaving the board with 8 members, 7 of whom were ward commissioners and 1 commissioner at large.

On July 13, 1964, the board held a hearing to consider the amendment to the zoning ordinance in question. After the hearing, the proposed amendment was put to a vote. Six of the commissioners, including the one remaining at large commissioner, voted in favor of the enactment of the ordinance, and two commissioners voted against its enactment.

The ordinance, as adopted, was thereafter advertised on August 20, 1964, and went into effect 10 days thereafter.

On September 21, 1964, appellants filed an appeal pursuant to section 1502 of the First Class Township Code, of June 24, 1931, as amended, 53 PS §56502, challenging the validity of the ordinance.

It is conceded on the part of the township that 20 percent of the property owners on one side of the tract involved signed a written protest against the change in zoning, which was filed with the board. This being the case, the proposed amendment could not become effec-

tive except by the favorable vote of three-fourths of all the members of the board of township commissioners: Section 3105 of the First Class Township Code, of June 24, 1931, as amended, 53 PS §58105.

Appellants contend that the amendment was not properly enacted because of the vote of 6 to 2, which they contend did not constitute a favorable vote of three-fourths of all the members of the board of township commissioners, unreduced by the vacancies caused by the 2 resignations. They contend that the resignations did not reduce the membership of the board, but rather created vacancies, and that the total membership of the board still consisted of 10 commissioners.

Appellee on the other hand contends that the resignations of the two at large members of the board did not create vacancies on the board but rather that the offices which they held expired when they resigned.

In order to properly understand this problem, we feel that it would be beneficial to set forth section 407 of the First Class Township Code of June 24, 1931, as amended, 53 PS §55407, in its entirely.

"Schedule for Election of Commissioners in Townships First Divided Into Wards.

"When a township is first divided into wards, the township commissioners then in office shall continue in office until the expiration of their respective terms.

"At the first municipal election occurring at least ninety days after such division into wards, there shall be elected, by the registered electors of each ward of the township, one township commissioner, who shall reside in the ward for which he is elected. At such election, the township commissioners elected in even-numbered wards shall be elected for terms of two years each, and those in odd-numbered wards for terms of four years each, or vice versa, as the case may be, in order that the expiration of such terms will harmonize with the expiration of terms of township commission-

ers elected for such numbered wards under the provisions of this act. Thereafter, successors to such commissioners shall be elected for terms of four years each at the municipal election immediately preceding the expiration of the terms of ward commissioners.

"If the number of wards into which the township has been divided is less than five, then, at the municipal election preceding the expiration of the terms of any commissioner or commissioners theretofore elected at large, if such expiration of terms will leave the township with less than five township commissioners, there shall be elected at large a sufficient number of township commissioners so that the total number of commissioners elected by wards and at large in the township shall thereafter be five. If one township commissioner is elected at large at such election, he shall be elected for a term of four years. If two township commissioners are elected at large at such election, one shall be elected for a term of two years, and one for a term of four years. If three township commissioners are elected at large at such election, two shall be elected for terms of four years each, and one for a term of two years. Successors to such township commissioners elected at large at such election shall be elected for terms of four years each.

"All terms of office of township commissioners, elected at large or by wards, shall commence on the first Monday of January next following their election. 1931, June 24, P. L. 1206, art. IV, 407; 1933, May 31, P. L. 1096, 1; 1949, May 27, P. L. 1955, 10."

From a reading of the first paragraph of this section it is clear that the legislature intended the at large commissioners to remain in office for the expiration of their terms even after the ward commissioners took office. Therefore, after the 7 ward commissioners took office in January of 1964, the board consisted of 10 commissioners.

We also feel from a reading of this section that it is clear that it was the intention of the legislature that a First Class Township which is divided into five or more wards be governed by ward commissioners only. Marple Township was divided into 7 wards and in January of 1964 when the 7 ward commissioners took office, there was no real need for the additional 3 at large commissioners. The men holding these offices of at large commissioners were finishing out terms of office that were to expire in January, 1966, and after that date these offices would not and could not be filled again.

In attempting to determine whether the two resignations created vacancies in the board, we must ask ourselves why the legislature provided for the continuance in office to January, 1966, of the at large commissioners when they were no longer necessary.

Appellants suggest that this was necessary because their removal would have violated article VI, sec. 4 of the Pennsylvania State Constitution, dealing with tenure in office. It may well be that the legislature allowed these offices to remain out of an abundance of caution so that no constitutional question could be raised as to their improper removal. We do not find it necessary to decide that question in this case. We feel that despite the question of the constitutionality, the legislature evidenced a common and natural aversion to cutting short the term of office of public officials elected by the people when it is not absolutely necessary and especially when their presence upon the board would provide the new commissioners with a resource of experience to help guide the board through this period of transition.

Therefore, we interpret the first paragraph of section 407 to mean that the at large commissioners then in office should continue in office until the expiration of their respective terms or until otherwise terminated by death, resignation, etc., but that it was not within

the contemplation of the legislature that the at large commissioners should be replaced if they left office prior to the expiration of their terms.

We therefore hold that at the time the zoning ordinance in question was adopted, the board of township commissioners was composed of eight members and that the number of favorable votes constituted a three-fourths majority of all the members of the Board.

## DECREE

And now, to wit, this December 7, 1964, it is ordered and decreed that the appeal filed herein be and is hereby dismissed; the costs to be paid by appellants.